UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JAMES SICURELLO, #594701,               )<br>            Plaintiff,            )<br>                                        )<br>v.                                      )<br>                                        )<br>GREGORY L. SKIPPER, et al.,             )<br>            Defendants.            )<br>                                        ) | No. 1:22-cv-220<br><br>Honorable Paul L. Maloney |

## ORDER ADOPTING REPORT & RECOMMENDATION

This matter was referred to the Honorable Phillip Green, United States Magistrate Judge, who issued a Report & Recommendation ("R&R") on July 20, 2023 (ECF No. 55). The R&R recommends that this Court grant Defendants' motions for summary judgment (ECF Nos. 36, 38) based on Plaintiff's failure to exhaust his administrative remedies. The parties were given fourteen days to file written objections to the proposed findings and recommendations per 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Plaintiff filed two objections to the R&R (ECF No. 56). Because Defendants have shown by a preponderance of the evidence that Plaintiff failed to exhaust his available administrative remedies, the Court will grant Defendants' motions for summary judgment and dismiss Plaintiff's unexhausted claims without prejudice.

After being served with a report and recommendation issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only objections that are specific are entitled to a de novo

review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam). "[A]n objection that does nothing more than state a disagreement with the magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in the context of Federal Rule of Civil Procedure 72." *Brown v. City of Grand Rapids*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017).

Plaintiff filed two objections to the R&R, and the Court conducted a de novo review. On review of the evidence, the R&R is adopted over Plaintiff's objections.

First, Plaintiff repeats arguments about the grievance process being unavailable to him due to the COVID-19 pandemic and the MDOC's policies regarding preventing the spread of COVID (ECF No. 56 at PageID.753). But for the reasons articulated in the R&R, COVID-19 did not cause the grievance process to be unavailable to him, and the MDOC Director's Office Memorandum 2020-30R3 did not restrict the filing of grievances during COVID (*see* ECF No. 55 at PageID.750). Moreover, Plaintiff's first objection fails to address the fact that the only grievance he submitted failed to name many of the Defendants in this case or attribute specific conduct to certain Defendants. Plaintiff's first objection is overruled.

Second, Plaintiff vaguely argues that Defendants failed to respond to his discovery requests he served in March 2023 (ECF No. 56 at PageID.754). The proper remedy for this alleged failure to respond would have been for Plaintiff to file a motion to compel, not raise the issue in objections to an R&R—which does not concern discovery—months later. Further, Plaintiff does not assert that the discovery he sought would have remedied the exhaustion issues with his claims. The Court also overrules Plaintiff's second objection.

Given that Plaintiff's objections fail to establish a genuine dispute of material fact with respect to whether he exhausted his administrative remedies for the claims asserted, the Court accepts the Magistrate Judge's recommendation to grant Defendants' motion for summary judgment and dismiss Plaintiff's claims without prejudice. *See Bell v. Konteh*, 450 F.3d 651, 653 n.4 (6th Cir. 2006) ("[T]he appropriate disposition of an unexhausted claim under the [Prison Litigation Reform Act] is dismissal without prejudice."). Accordingly,

**IT IS HEREBY ORDERED** that the Court **ADOPTS** the Report and Recommendation (ECF No. 55) as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' motions for summary judgment (ECF Nos. 36, 38) are **GRANTED.**

Judgment to follow.

**IT IS SO ORDERED**.

Date: August 22, 2023              /s/ Paul L. Maloney
                                                                Paul L. Maloney
                                                                United States District Judge